UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW RYAN McBEE,

       Petitioner,

                                                  CASE NO. 2:20-cv-12496

v.

                                  HONORABLE ARTHUR J. TARNOW

WILLIS CHAPMAN,

       Respondent.

_____/

## OPINION AND ORDER

## (1) AMENDING THE CAPTION,

## (2) GRANTING PETITIONER'S MOTION FOR A STAY (ECF No. 7),

## (3) GRANTING RESPONDENT'S MOTION FOR IMMEDIATE CONSIDERATION AND FOR AN ORDER HOLDING THE ORDER FOR RESPONSIVE PLEADING IN ABEYANCE [ECF No. 9], AND

## (4) CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

### I.  Introduction

Petitioner Matthew McBee, a state prisoner at the Macomb Correctional Facility in Lenox Township, Michigan, filed a *pro se* habeas corpus petition on September 3, 2020.  (ECF No. 1.)  The habeas petition challenged Petitioner's state conviction for criminal sexual conduct in the first degree.  Petitioner claimed that: (1) while cross-examining a defense witness, the prosecutor accused Petitioner of

selling drugs, and the trial court erred by denying a mistrial; (2) a juror violated her oath by communicating with co-workers about the case before jury deliberations; and (3) an expert witness for the prosecution vouched for the complainant by opining that the young complainant was telling the truth. *Id*. at PageID.4-5, 7.

On September 25, 2020, United States Magistrate Judge R. Steven Whalen ordered Respondent to file a response to the habeas petition by March 30, 2021. (ECF No. 4.) Petitioner subsequently moved for a stay of his case while he pursued post-conviction remedies in state court. (ECF No. 7.)[1] He alleged that he filed a motion for relief from judgment in the state trial court on June 10, 2019, that the court denied his motion on January 12, 2020, and that he was still trying to exhaust state remedies. *Id*. at PageID.139, ¶5.

Before the Court could rule on Petitioner's motion for a stay, the State filed a motion to hold Magistrate Judge Whalen's order for responsive pleading in abeyance. (ECF No. 9.) According to the State, Petitioner's application for leave to appeal the trial court's denial of his post-conviction motion is pending in the Michigan Supreme Court.

---

[1] Petitioner states that he mailed his motion for a stay to the Court on September 23, 2020. (ECF No. 7, PageID.135.) The Court, however, did not receive the motion last September. The motion eventually was filed on January 29, 2021, when Petitioner submitted a copy of the motion to the Clerk of Court for filing.

## II. Discussion

State prisoners are required to exhaust state remedies before seeking the writ of habeas corpus in federal court, 28 U.S.C. § 2254(b)(1), and "[i]n states such as Michigan with a two-tiered appellate system—that is, those that have both an intermediate appellate court and a state supreme court—a petitioner must present his claims to the state supreme court in order to satisfy this exhaustion requirement." *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir.), *cert. denied,* 141 S. Ct. 658 (2020). Furthermore, the United States Supreme Court has "held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).

A stay of this case will promote the efficient use of limited resources and the expeditious resolution of this case. Accordingly, the Court grants both Petitioner's motion for a stay, ECF No. 7, and the State's motion for a stay of the order for responsive pleading, ECF No. 9.

If Petitioner is unsuccessful in state court and wishes to reactivate his federal case, he must file an amended habeas corpus petition and a motion to lift the stay, using the same case number that appears in the caption above. The amended petition will replace the initial petition; therefore, it must list all the claims that Petitioner wants the Court to adjudicate.

*McBee v. Chapman*, No. 20-12496

Willis Chapman, however, is no longer the warden holding Petitioner in custody. Accordingly, the Court directs the Clerk of Court to amend the caption for this case to show that George Stephenson is the acting warden at the Macomb Correctional Facility where Petitioner is confined and the proper respondent in this case. The new caption for future documents filed in this case shall read: Matthew Ryan McBee v. George Stephenson.

Finally, the Court closes this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

                                        s/Arthur J. Tarnow_____
                                        ARTHUR J. TARNOW
Dated: April 8, 2021              SENIOR UNITED STATES DISTRICT JUDGE

4